Jason S. Shull, NO. 031922
jshull@bannerwitcoff.com
Erik S. Maurer (*pro hac vice*)
emaurer@bannerwitcoff.com
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000

Ross Dannenberg (*pro hac vice*)
rdannenberg@bannerwitcoff.com
Victoria A. Moffa (*pro hac vice*)
vmoffa@bannerwitcoff.com
1100 13th Street NW, Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000

***BANNER & WITCOFF, LTD.***

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **RB DISTRIBUTION, INC.**<br><br>and<br><br>**DORMAN PRODUCTS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SKYWARD AUTOMOTIVE PRODUCTS, LLC;**<br><br>and<br><br>**NINGBO SKYWARD INDUSTRIAL CO. LTD.**<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**PATENT INFRINGEMENT [35 U.S.C. § 271]**<br><br>Jury Trial Demanded |

Plaintiffs, RB Distribution, Inc. and Dorman Products, Inc., for their complaint against Defendants, Skyward Automotive Products, LLC ("Skyward Automotive") and Ningbo Skyward Industrial Co. Ltd. ("Skyward Ningbo") (collectively "Skyward Companies" or "Defendants"), allege as follows:

## THE PARTIES

1. RB Distribution, Inc. ("RB Distribution") is a wholly owned subsidiary of Dorman Products, Inc. and is a company organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 3400 East Walnut St., Colmar, Pennsylvania 18915.

2. Dorman Products, Inc. is a company organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 3400 East Walnut St., Colmar, Pennsylvania 18915. Collectively, RB Distribution, Inc. and Dorman Products, Inc. are referred to as "Dorman" or "Plaintiffs."

3. On information and belief, Skyward Automotive is a domestic limited liability company organized and existing under the laws of Arizona, with a principal place of business at 105 S. 84th Avenue, Suite A, Tolleson, Arizona, 85353, United States.

4. On information and belief, Skyward Ningbo is a company organized and existing under the People's Republic of China, with its principal place of business at Floor 21, Building No. 12 in east XinTiandi, No. 1068 Min'an Road, Ningbo City, China.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement of U.S. Patent Nos. 11,635,005 (the "'005 Patent"), 11,639,674 (the "'674 Patent"), and 11,639,675 (the "'675 Patent") (collectively, the "Asserted Patents") in violation of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, arising from Defendants' unauthorized manufacture, use, offers

to sell, sales, and/or importation into the United States of certain oil filter housing assemblies (the "Infringing Products").

6. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. § 1338(a).

7. This Court has personal jurisdiction over the Skyward Companies because, *inter alia*, the Skyward Companies are purposefully and intentionally availing themselves of the privileges of doing business in the State of Arizona, including in this District. Among other things, the Skyward Companies have manufactured, advertised, marketed, promoted, offered for sale, sold, distributed, and/or imported, and continue to manufacture, advertise, market, promote, offer for sale, sell, distribute, and/or import infringing products to customers and/or potential customers in this state, including in this District, and the Skyward Companies' unlawful acts that give rise to this lawsuit and that harm Dorman have occurred and are occurring in this District.

8. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

## **GENERAL ALLEGATIONS - INTRODUCTION**

9. Dorman is a leading supplier of replacement and upgrade parts in the motor vehicle aftermarket industry, serving passenger cars, light-, medium-, and heavy-duty trucks, as well as specialty vehicles, including utility terrain vehicles and all-terrain vehicles.

10. Dorman is headquartered in Colmar, Pennsylvania. Dorman has more than a dozen facilities and 3,500 employees worldwide.

11. Dorman develops, manufactures, and sells a variety of automotive parts. Dorman offers more than 4,400 distinct products.

12. One such product is Dorman's unicast aluminum engine oil filter housing and related components, identified as Dorman's SKUs 926-959 (with additional components) and 926-876 (without additional components, now discontinued), which have been sold to replace the corresponding original equipment manufacturer (OEM) plastic part of several motor vehicles (the "Patented Products").

13. Reproduced below is a screenshot of Dorman's web page (URL https://www.dormanproducts.com/p-139011-926-959.aspx?origin=keyword) advertising SKU 926-959, captured May 25, 2023:



**Illustration 1: Screen Shot of Dorman Web Page for Product SKU 926-959**

14. The close-up image of Dorman's oil filter housing depicted above in Illustration 1 is reproduced below:



**Illustration 2: Close Up Image of Dorman's Product SKU 926-959**

15. Dorman has invested substantial time, skill, and resources over many years to create and maintain a reputation for high quality products, including its unicast aluminum engine oil filter housing products. To protect these investments and the invaluable goodwill built-up through its years of effort in the marketplace, including in this District, Dorman pursued and has acquired numerous intellectual property rights, including the Asserted Patents.

16. On information and belief, Defendants make, use, offer to sell, sell, and/or import into the United States automotive aftermarket parts.

17. On information and belief, Defendants make, use, offer for sale, sell, and/or import into the United States unicast aluminum engine oil filter housing products that infringe the Asserted Patents.

18. On information and belief, the unicast aluminum engine oil filter housing products that Defendants make, use, offer for sale, sell, and/or import into the United States are virtually identical to the unicast aluminum engine oil filter housing products that Dorman markets and sells under SKU 926-959, and that is shown in Illustrations 1 and 2 above, and are Infringing Products.

19. Skyward promotes its Infringing Products using a near identical SKU (SK926959) as Dorman. A screenshot captured May 23, 2023, of a web page (URL https://www.rockauto.com/en/moreinfo.php?pk=14108865&jsn=737) through which Defendants offer to sell Infringing Products, identified as "SKP SK926959," is shown in Illustration 3, below.



**Illustration 3: Screen Shot of Skyward Web Page for Product SKP926959**

20. On information and belief, the similarity between Defendants' and Dorman's unicast aluminum engine oil filter housing products, and the similarity between Defendants' and Dorman's SKU numbers for those goods evidences an intentional effort by Defendants to knowingly infringe the Asserted Patents and willfully exploit Plaintiffs' investments, efforts, hard-earned reputation, and intellectual property rights therein.

21. Defendants' infringement of the Asserted Patents has been, and continues to be, intentional, willful, and malicious, which is evidenced, on information and belief, at least by Defendants' copying of Dorman's Patented Products and their SKU number, and further by alleging knowledge of Plaintiff's pricing structure (and then purposefully undercutting said pricing structure) (*see* Ex. 7), as well as using an orange cap on the

Infringing Products, when that color is knowingly associated with Plaintiff and whereby the color of the cap otherwise is immaterial.

## THE ASSERTED PATENTS

22. The Asserted Patents are U.S. Patent Nos. 11,635,005; 11,639,674; and 11,639,675.

23. The '005 Patent, entitled "Oil Filter Assembly," was filed August 19, 2021, claiming priority to provisional application 63/068,759 filed August 21, 2020.

24. The '005 Patent was duly and legally issued on April 25, 2023, by the United States Patent and Trademark Office ("USPTO") to RB Distribution. A true and correct copy of the '005 Patent is attached hereto as Exhibit 1. The '005 Patent is presumed valid and enforceable, and is currently in full force and effect.

25. RB Distribution is the owner and assignee of all rights, title, and interest in and to the '005 Patent, and Plaintiffs collectively enjoy the full and exclusive right to bring this action to enforce the '005 Patent against infringers, and the right to recover damages for all relevant time periods, including for past infringement.

26. The '674 Patent, entitled "Oil Filter Assembly," was filed November 17, 2021, as a Continuation of the application that matured into the '005 Patent, and, thus, the '674 Patent and the '005 Patent share a common specification and drawings.

27. The '674 Patent was duly and legally issued on May 2, 2023, by the USPTO to RB Distribution. A true and correct copy of the '674 Patent is attached hereto as Exhibit 2. The '674 Patent is presumed valid and enforceable, and is currently in full force and effect.

28. RB Distribution is the owner and assignee of all rights, title, and interest in and to the '674 Patent, and Plaintiffs collectively enjoy the full and exclusive right to bring

1  this action to enforce the '674 Patent against infringers, and the right to recover damages
2  for all relevant time periods, including for past infringement.

3      29.    The '675 Patent, entitled "Oil Filter Assembly," was filed November 11,
4  2022, as a Continuation of the application that matured into the '674 Patent, and, thus, the
5  '675 Patent and the '674 Patent share a common specification and drawings.

6      30.    The '675 Patent was duly and legally issued on May 2, 2023, by the USPTO
7  to RB Distribution. A true and correct copy of the '675 Patent is attached hereto as Exhibit
8  3. The '675 Patent is presumed valid and enforceable, and is currently in full force and
9  effect.

10      31.    RB Distribution is the owner and assignee of all rights, title, and interest in
11  and to the '675 Patent, and Plaintiffs collectively enjoy the full and exclusive right to bring
12  this action to enforce the '675 Patent against infringers, and the right to recover damages
13  for all relevant time periods, including for past infringement.

14      32.    Without limiting the disclosures therein, each of the Asserted Patents is
15  directed to a cast metallic oil filter housing assembly that provides for direct threading of
16  associated components (*e.g.*, oil cooler, oil temperature sensor, and oil pressure sensors)
17  to an adaptor. The oil filter housing assembly also provides an enclosed flow path with a
18  common axis for improved durability against burst pressure, heat, and age degradation.

19      33.    Figure 4 of each of the Asserted Patents is reproduced in Illustration 4
20  below.



**Illustration 4: Figure 4 of Asserted Patents**

34. Dorman uses virtual marking for its various products, and began including the Asserted Patents on its marking page shortly after the date each patent was issued. Dorman's patent marking web page is located at the URL https://www.dormanproducts.com/patents.

35. Dorman began marking "patent pending" on the Patented Products at least as early as each product launched: July 12, 2021, for SKU 926-876 and May 2, 2022, for SKU 926-959.

36. Defendants have had actual notice of the Asserted Patents since at least as early as June 2, 2023.

37. In view of the above, Defendants are, and have been, willfully infringing the Asserted Patents.

**COUNT I:  Patent Infringement of the '005 Patent Under 35 U.S.C. § 271
By Both Defendants**

38. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39. The Defendants, individually and collectively, have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '005 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling (either directly or through intermediaries), and/or importing into the United States, the Infringing Products, including in this State and in this District.

40. For example, the Defendants, individually and collectively, infringe at least claim 1 of the '005 Patent that reads:

> 1. An adaptor for connecting an oil filter and an oil cooler to an engine, the adaptor comprising:
>
> a single metallic casting having:
>
> an elongated body with a lower surface configured to mate with an oil lubrication network in an engine, an oil filter housing is defined at a first end of the elongated body, and an upper surface that is configured to mate with an oil cooler;
>
> wherein the elongated body includes an oil lubrication flow path that is wholly within the elongated body and extends between an oil lubrication network in an engine, and the oil filter housing, and at least one threaded aperture is formed in the single metallic casting for receiving at least one additional component in a direct threaded engagement with the single metallic casting.

41. The Infringing Products including, but not limited to, SK926959 perform each and every limitation of '005 Patent claim 1.  The following paragraphs explain the infringement in detail.  A claim chart evidencing the Infringing Products infringement of claim 1 of the '005 Patent is attached as Exhibit 4.

42. The Infringing Products are adaptors for connecting an oil filter and an oil cooler to an engine. For example, the Infringing Products are an "Engine Oil Filter Housing" that provides a connection between an engine's oil filter for oil filtration to the engine's lubrication network while also allowing connection to the oil cooler for thermal management of the engine's oil. Ex. 4 at 1-5.

43. The Infringing Products include a single metallic casting. For example, the Infringing Products have a unitary body manufactured from casted aluminum. Ex. 4 at 3, 5.

44. The single metal casting of the Infringing Products includes an elongated body with a lower surface configured to mate with an oil lubrication network in an engine, an oil filter housing is defined at a first end of the elongated body, and an upper surface that is configured to mate with an oil cooler. For example, the Infringing Products have an elongated body of the casted aluminum piece with a lower surface that mates with an oil lubrication network in an engine and with an upper surface that mates with an oil cooler. Ex. 4 at 5-7. Additionally, the elongated body has an oil filter housing at a first end. *Id.*

45. The elongated body of the Infringing Products includes an oil lubrication flow path that is wholly within the elongated body and extends between an oil lubrication network in an engine and the oil filter housing. For example, the elongated body of the Infringing Products contains a path within it that extends between the engine's oil lubrication network and the oil filter in the housing at one end of the elongated body. Ex. 4 at 8-9.

46. The Infringing Products include at least one threaded aperture formed in the single metallic casting for receiving at least one additional component in a direct threaded engagement with the single metallic casting. For example, the Infringing Products have

threaded apertures casted as a part of the unitary aluminum body that receive respective threaded components.  Ex. 4 at 9-11.

47. Defendants' acts of infringement have been without express or implied license by Plaintiffs, are in violation of the Plaintiffs' rights, and will continue to violate the Plaintiffs' rights unless enjoined by this Court.

48. Defendants' infringement of the '005 Patent has been, and continues to be, intentional, willful, and malicious.

49. Plaintiffs have been, are being, and will continue to be injured and have suffered, are suffering, and will continue to suffer injury and damages for which they are entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

50. The facts and circumstances demonstrate that this is an exceptional case and damages should be trebled.

51. Defendants have caused, are causing, and will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law and for which Plaintiffs are entitled to injunctive relief under at least 35 U.S.C. § 283.

**COUNT II:  Patent Infringement of the '674 Patent Under 35 U.S.C. § 271 By Both Defendants**

52. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

53. The Defendants, individually and collectively, have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '674 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling (either directly or through intermediaries), and/or importing into the United States, the Infringing Products, including in this State and in this District.

54. For example, the Defendants, individually and collectively, infringe at least claim 1 of the '674 Patent that reads:

> 1. An engine oil adaptor assembly for mounting in an engine valley, the adaptor comprising:
>
> a unitary metallic casting that defines an integrated structure having:
>
> an elongated casted body portion with a lower surface configured to mate with a predetermined existing engine;
>
> an internal lubrication flow path formed within the elongated casted body that connects to a lubrication network within a valley in the predetermined existing engine and an oil filter housing defined at a first end of the elongated casted body; and,
>
> an upper surface of the elongated body is configured to mate with an oil cooler;
>
> wherein the elongated casted body includes a plurality of apertures that are directly threaded in the elongated casted body for mating with a respective threaded component.

55. The Infringing Products including, but not limited to, SK926959 perform each and every limitation of '674 Patent claim 1. The following paragraphs explain the infringement in detail. A claim chart evidencing the Infringing Products infringement of claim 1 of the '674 Patent is attached as Exhibit 5.

56. The Infringing Products are engine oil adaptor assemblies for mounting in an engine valley. For example, the Infringing Products are an oil filter housing that provides an adaptor for the oil filter and the oil cooler of an engine lubrication system that connects into the lubrication system between the cylinder heads (the valley) of an internal combustion engine. Ex. 5 at 1-5.

57. The Infringing Products include a unitary metallic casting that defines an integrated structure. For example, the Infringing Products are a singular, unitary body composed of casted aluminum that define an integrated structure. Ex. 5 at 5-6.

58. The Infringing Products include an elongated casted body portion with a lower surface configured to mate with a predetermined existing engine. For example, the Infringing Products have an elongated casted body portion with a lower surface that mates with an internal combustion engine. Ex. 5 at 6-8.

59. The Infringing Products include an internal lubrication flow path formed within the elongated casted body that connects to a lubrication network within a valley in the predetermined existing engine and an oil filter housing defined at a first end of the elongated casted body. For example, the elongated casted body of the Infringing Products have an internal structure formed within that allows oil to flow though the elongated casted body and connect to the opening of the lubrication network of an engine. Ex. 5 at 8-10. For example, the Infringing Products have a housing for an oil filter at one end, the first end, of the elongated casted body. Ex. 5 at 8-9.

60. The Infringing Products include an upper surface of the elongated body configured to mate with an oil cooler. For example, the elongated casted body portion of the Infringing Products has an upper surface which mates with an oil cooler. Ex. 5 at 10-11.

61. The elongated casted body of the Infringing Products includes a plurality of apertures that are directly threaded in the elongated casted body for mating with a respective threaded component. For example, the Infringing Products have threaded apertures casted as a part of the unitary aluminum body that receive respective threaded components. Ex. 5 at 11-13.

62. Defendants' acts of infringement have been without express or implied license by Plaintiffs, are in violation of Plaintiffs' rights, and will continue to violate Plaintiffs' rights unless enjoined by this Court.

63. Defendants' infringement of the '674 Patent has been, and continues to be, intentional, willful, and malicious.

64. Plaintiffs have been, are being, and will continue to be injured and have suffered, are suffering, and will continue to suffer injury and damages for which they are entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

65. The facts and circumstances of this case warrant a finding that this case is exceptional, and damages should be trebled.

66. Defendants have caused, are causing, and will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law and for which Plaintiffs are entitled to injunctive relief under at least 35 U.S.C. § 283.

**COUNT III:  Patent Infringement of the '675 Patent Under 35 U.S.C. § 271 By Both Defendants**

67. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

68. The Defendants, individually and collectively, have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the '675 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling (either directly or through intermediaries), and/or importing into the United States, the Infringing Products, including in this State and in this District.  For example, the Defendants, individually and collectively, infringe at least claim 1 of the '675 Patent that reads:

> 1. An engine oil adaptor comprising:
>
> a single metallic casting having:
>
> an elongated body portion with: a lower surface configured to mate with a lubrication network in an engine; an upper surface configured to mate with a cooling component; an oil filter housing defined at a first end of the elongated body; and, an internal lubrication flow path that establishes a communication channel between the lubrication network and the filter housing;

> wherein the body includes a plurality of casted apertures that are threaded in the metallic casting for mating with a respective threaded component.

69. The Infringing Products including, but not limited to, SK926959 perform each and every limitation of '675 Patent claim 1. The following paragraphs explain the infringement in detail. A claim chart evidencing the Infringing Products infringement of claim 1 of the '675 Patent is attached as Exhibit 6.

70. The Infringing Products are an engine oil adaptor. For example, the Infringing Products are an adaptor for engine oil allowing for oil filtration and cooling. Ex. 6 at 1-4.

71. The Infringing Products include a single metallic casting. For example, the Infringing Products are singular, unitary bodies composed of casted aluminum. Ex. 6 at 4-5.

72. The Infringing Products include an elongated body portion with: a lower surface configured to mate with a lubrication network in an engine; an upper surface configured to mate with a cooling component; an oil filter housing defined at a first end of the elongated body; and, an internal lubrication flow path that establishes a communication channel between the lubrication network and the filter housing. For example, the Infringing Products have an elongated body portion, which has a lower surface that connects to the openings of the oil lubrication network of the vehicle's engine to which the Infringing Products are installed and an upper surface that connects to the openings of a cooling component for thermal management of the engine's oil. Ex. 6 at 5-7. For example, the elongated body portion of the Infringing Products have a housing for an oil filter at the first end of the elongated body portion. *Id*. Further, the elongated body portion of the Infringing Products has an internal path that allows for oil to flow through the elongated body portion from the engine's lubrication network and the housing containing the oil filter. Ex. 6 at 8-9.

73. The elongated body portion of the Infringing Products includes a plurality of casted apertures that are threaded in the metallic casting for mating with a respective threaded component. For example, the Infringing Products have threaded apertures casted as part of the elongated portion of the unitary aluminum body that receive respective threaded components. Ex. 6 at 9-11.

74. Defendants' acts of infringement have been without express or implied license by Plaintiffs, are in violation of Plaintiffs' rights, and will continue to violate Plaintiffs' rights unless enjoined by this Court.

75. Defendants' infringement of the '675 Patent has been, and continues to be, intentional, willful, and malicious.

76. Plaintiffs have been, are being, and will continue to be injured and have suffered, are suffering, and will continue to suffer injury and damages for which they are entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

77. The facts and circumstances of this case warrant a finding that this case is exceptional, and damages should be trebled.

78. Defendants have caused, are causing, and will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law and for which Plaintiffs are entitled to injunctive relief under at least 35 U.S.C. § 283.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs respectfully seek:

A. Judgment that Defendants have infringed the '005 Patent and that such infringement was willful;

B. Judgment that Defendants have infringed the '674 Patent and that such infringement was willful;

C. Judgment that Defendants have infringed the '675 Patent and that such infringement was willful;

D. A permanent injunction against any further infringement of the '005, '674, and '675 Patents by the Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, and all others in privity or active concert with any of them;

E. An order authorizing and/or directing the U.S. Marshals Service, the U.S. Customs and Border Patrol, and/or another appropriate agency, to seize all infringing products imported into the United States and/or in Defendants' possession, custody, or control;

F. An award of damages adequate to compensate Plaintiffs for the patent infringement that has occurred, including lost profits suffered by Plaintiffs as a result of Defendants' infringements and in an amount no less than a reasonable royalty, together with prejudgment interest and costs and reasonable attorney fees, pursuant to at least 35 U.S.C. §§ 284 and 285;

G. An order awarding Plaintiffs enhanced damages pursuant to 35 U.S.C. § 284 at least because of Defendants' intentional, willful, and malicious patent infringements;

H. An award of Plaintiffs' reasonable costs; and

I. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiffs hereby demand a trial by jury of any and all issues triable of right by a jury pursuant to the Seventh Amendment to the United States Constitution or as given by statute of the United States.

| | |
|---|---|
| Dated: June 9, 2023 | Respectfully submitted,<br><br>By: /s/ Jason S. Shull<br>    Jason S. Shull<br><br>**BANNER & WITCOFF, LTD.**<br>Jason S. Shull<br>Arizona Bar No.  031922<br>jshull@bannerwitcoff.com<br>Erik S. Maurer (*pro hac vice forthcoming*)<br>Illinois Bar No. 6275467<br>emaurer@bannerwitcoff.com<br>71 South Wacker Drive, Suite 3600<br>Chicago, IL 60606<br>Telephone: (312) 463-5000<br>Facsimile: (312) 463-5001<br><br>Ross A. Dannenberg (*pro hac vice forthcoming*)<br>Virginia State Bar No. 45299<br>D.C. Bar No. 473917<br>rdannenberg@bannerwitcoff.com<br>Victoria A. Moffa (*pro hac vice forthcoming*)<br>California Bar No. 332787<br>D.C. Bar No. 1739019<br>vmoffa@bannerwitcoff.com<br><br>1100 13th Street NW, Suite 1200<br>Washington, DC 20005<br>Telephone: (202) 824-3000<br>Facsimile: (202) 824-3001<br><br>**ATTORNEYS FOR PLAINTIFFS:**<br>**RB DISTRIBUTION, INC.**<br>**DORMAN PRODUCTS, INC.** |