**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RB Distribution Incorporated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Skyward Automotive Products LLC, et al.,<br><br>Defendants. | No. CV-23-01068-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant Skyward Automotive Products, LLC's ("Skyward Automotive") Motion to Dismiss and Certification of Counsel of Pre-Motion Conferral (Doc. 19), Defendant Skyward Automotive's Motion to Stay Pending *Ex Parte* Reexamination of the Patents in Suit by the United States Patent and Trademark Office (Doc. 20), and Defendant Ningbo Skyward Industrial Co. LTD.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. 31). For the reasons detailed below, Defendant Skyward Automotive's Motion to Stay is granted. The remaining Motions to Dismiss are, thus, not considered.

## BACKGROUND

This case is a civil action for patent infringement of three U.S. patents: 11,635,005 ("'005 Patent"), 11,639,674 ("'674 Patent"), and 11,639,675 ("'675 Patent"). (Doc. 1 at 2). RB Distribution, a wholly owned subsidiary of Dorman Products, Inc. (collectively "Plaintiffs") allege that Defendants—Skyward Automotive and Ningbo Skyward Industrial

Co. Ltd.—have infringed on each of Plaintiff's three at-issue patents. (*Id.* at 2–3; 10–17).

Plaintiffs are suppliers of replacement and upgrade vehicle parts. (*Id.* at 3). The patents at issue in this case all involve one product line: an aluminum engine oil filter housing, identified as Dorman's SKUs 926-959. (*Id.* at 4; 7–9). Plaintiffs state they began marking the relevant products as "patent pending" at least as early as the products' launch dates. (*Id.* at 9). They further allege Defendants had actual notice of the asserted patents since, at least, June 2, 2023. (*Id.* at 9). Plaintiffs allege three claims of patent infringement, one for each patent. (*Id.* 10–17). According to Plaintiffs, Defendants market and sell products that infringe on all three of the relevant patents. (*Id.*).

Defendant Skyward Automotive seeks a stay in this case based on the USPTO's pending *ex parte* reexaminations of the three patents. (Doc. 20 at 1–3). On the date the Motion was filed, only one of three patents had been granted a reexamination. (Doc. 20-5 at 4). On September 26, 2023, six days after Defendant Skyward filed its reply to its Motion to Stay, Defendant Filed a Notice Regarding USPTO Decisions Granting Reexamination Requests (Doc. 26), which indicated the USPTO granted reexaminations for the remaining two patents. (Doc. 26-1 at 4; Doc. 26-2 at 4).

## DISCUSSION

### I. Legal Standard

"A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In deciding how best to exercise this inherent power, the court must weigh competing interests and maintain an even balance." *Parsons Xtreme Golf LLC v. Taylor Made Golf Co.*, No. CV-17-03125-PHX-DWL, 2018 WL 6242280, at *3 (D. Ariz. Nov. 29, 2018) (quoting *Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016)). Courts generally consider three factors when granting or denying a stay pending a patent reexamination: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a

stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Medicis Pharm. Corp. v. Upsher-Smith Lab'ys, Inc.*, 486 F. Supp. 2d 990, 993–94 (D. Ariz. 2007). This is a totality of the circumstances analysis guided by a "liberal policy" in favor of granting a stay. *Id.*

## II. Analysis

After considering the three factors, the Defendant's Motion to Stay is granted.

### A. Stage of Litigation

When considering the stage of litigation, courts look to whether discovery is complete and trial date has been set. *Parsons Xtreme Golf LLC*, 2018 WL 6242280, at *4; *Drink Tanks Co.*, 2016 WL 3844209, at *2. "Generally, the time of the motion is the relevant time to measure the stage of litigation." *Parsons Xtreme Golf LLC*, 2018 WL 6242280, at*4 (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014)).

This factor weighs in favor of a stay. Discovery has not yet commenced in this matter, much less completed. No trial date has been set. Considering the liberal policy in favor of granting a stay, this factor weighs in favor of granting Defendant's request. Should this case resume, the Court can open discovery and proceed on a normal course.

### B. Simplification of Issues

This factor, too, weighs in favor of a stay. There are three patents at issue in this case. As of September 26, 2023, all three patents are under reexamination. Staying a case pending reexamination could tailor the issues at trial, or potentially eliminate the need for trial altogether. While the parties assert contrary probabilities that the reexamination will narrow any, or even all, claims, with all three patents under reexamination the potential value of issue simplification is relatively high. This is especially true considering the early stage of litigation. As such, this factor also weighs in favor of a stay.

### C. Undue Prejudice to Plaintiffs

The final factor is whether a stay would be unduly prejudicial or "present a clear tactical disadvantage" to the non-movant. *Drink Tanks Co.*, 2016 WL 3844209, at *5.

While delay alone does not create undue prejudice, courts should be skeptical of tactics designed to slow a pending matter. *See Parsons Xtreme Golf LLC*, 2018 WL 6242280, at *6 (listing certain sub-factors for the prejudice factor as "(1) the timing of the [the reexamination] request; (2) the timing of the request for stay; (3) the status of [the reexamination] proceedings; and (4) the relationship of the parties") (quoting *GoPro, Inc. v. C&A Mktg., Inc.*, 20174 WL 2591268, at *4 (N.D. Cal. 2017)).  Where parties are competitors, undue prejudice resulting from a stay can be shown where money damages and later injunctive relief would be insufficient to make the non-movant whole. *See id.*

Plaintiff is not subject to undue prejudice.  While it is no doubt true that granting a stay delays the civil action, there is no indication that Plaintiff, if ultimately successful, cannot be adequately made whole by money damages.

## CONCLUSION

Based on the foregoing factors, a stay is appropriate in this case.

Accordingly,

**IT IS THEREFORE ORDERED** Defendant Skyward Automotive Products, LLC's Motion to Stay Pending *Ex Parte* Reexamination of the Patents in Suit by the United States Patent and Trademark Office (Doc. 20) is **GRANTED**.  Nevertheless, Plaintiff shall notify the Court promptly after any of the reexaminations are finished and will inform the Court of the result of that or those reexamination(s).

Dated this 9th day of April, 2024.

G. Murray Snow
Chief United States District Judge