WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RB Distribution Incorporated, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Skyward Automotive Products LLC, et al.,<br><br>　　　　　　Defendants. | No. CV-23-01068-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant Skyward Automotive Products, LLC's ("Skyward Automotive") Motion to Dismiss and Certification of Counsel of Pre-Motion Conferral (Doc. 19) and Defendant Ningbo Skyward Industrial Co. LTD.'s ("Ningbo Skyward") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. 31). For the reasons detailed below, Defendants' Motions to Dismiss are denied.

## BACKGROUND[1]

This case is a civil action for patent infringement of three U.S. patents: 11,635,005 ("'005 Patent"), 11,639,674 ("'674 Patent"), and 11,639,675 ("'675 Patent"). (Doc. 1 at 2). RB Distribution, a wholly owned subsidiary of Dorman Products, Inc. (collectively "Plaintiffs") allege that Defendants—Skyward Automotive and Ningbo Skyward—have infringed on each of Plaintiffs' three at-issue patents. (*Id.* at 2–3; 10–17). Skyward Automotive is an Arizona corporation, (*Id.* at 2; Doc. 35-5 at 2–3), while Ningbo Skyward

---

[1] Many of these facts come from this Court's Order dated April 9th. (Doc. 38).

is a Chinese corporation. (Doc. 1 at 2).

Plaintiffs are suppliers of replacement and upgrade vehicle parts. (*Id.* at 3). The patents at issue in this case all involve one product line: an aluminum engine oil filter housing, identified as Dorman's SKU 926-959. (*Id.* at 4; 7–9). Plaintiffs state they began marking the relevant products as "patent pending" at least as early as the products' launch dates. (*Id.* at 9). They further allege Defendants had actual notice of the asserted patents since, at least, June 2, 2023. (*Id.* at 9). Plaintiffs allege three claims of patent infringement, one for each patent. (*Id.* 10–17). According to Plaintiffs, Defendants market and sell products that infringe on all three of the relevant patents. (*Id.*).

On August 31, 2023, Defendant Skyward Automotive filed a Motion to Dismiss for Failure to State a Claim. (Doc. 19). Later, on December 12, 2023, Defendant Ningbo Skyward filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. 31). On April 9, 2024, this Court stayed the case pending reexaminations of each of the three patents. (Doc. 38 at 4). After receiving notice that all three patents were confirmed with two alterations, this Court lifted the stay on June 25, 2024. (Doc. 43; Doc. 48).

## DISCUSSION

### I. Skyward Automotive's Motion to Dismiss for Failure to State a Claim.

#### A. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Analysis

Defendant Skyward Automotive moves to dismiss Plaintiffs' Complaint under Rule 12(b)(6) based on three grounds: (1) Plaintiffs' Complaint ambiguously lumps together the two Defendants; (2) the Complaint does not adequately allege willful infringement; and (3) Plaintiffs' prayer for relief seeks a remedy to which they are not entitled. Defendant Skyward Automotive fails to carry its burden on all three grounds.

While Plaintiffs' Complaint certainly accuses Defendants of working in concert to infringe on Plaintiffs' patents, it does not do so ambiguously so as to necessitate a dismissal. Defendant Skyward Automotive asserts that the Complaint "is insolubly ambiguous as to which acts of infringement were allegedly conducted by which defendant." (Doc. 19 at 3). This is not so. Regarding each of the three patents, Plaintiffs allege the following:

> The Defendants, individually and collectively, have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, one or more claims of the [] Patent[s] in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling (either directly or through intermediaries), and/or importing into the United States, the Infringing Products, including in this State and in this District.

(Doc. 1 at 10). Defendants argue these assertions are conclusory and unsupported. The Complaint, however, details facts alleging that the Defendants, collectively "the Skyward

Companies," designed, manufactured, imported, marketed, and sold products infringing on Plaintiffs' patent-protected products. As such, Defendant Skyward Automotive merely argues that Plaintiffs did not specify exactly which of those steps was committed by which Defendant. While Plaintiffs will undoubtably have to provide more to survive a motion for summary judgment, such specific detail is not necessary at the motion to dismiss stage. The allegations are sufficient to provide Defendants with adequate notice as to the infringement allegations levied against them. As such, the Complaint's collective treatment of Defendants is not grounds for dismissal.

Defendant Skyward Automotive further argues that Plaintiff failed to adequately allege willful infringement under *Halo Electronics*. 579 U.S. 93, 103 (2016) (holding that enhanced damages in patent infringement cases are punitive in nature and reserved for "egregious infringement behavior," including willful, wanton, malicious, bad-faith, deliberate, or flagrant infringement). Nevertheless, Plaintiffs fulfilled their pleading obligations for enhanced damages. First, Plaintiffs allege that "Defendants have had actual notice of Asserted Patents since at least as early as June 2, 2023." (Doc. 1 at 9). Additionally, Plaintiffs establish that a Defendant explicitly sought to undercut its market pricing using the allegedly infringing product. (Doc. 1 at 6–7; Doc. 1-8 at 2 ("Pricing strategy was to price SKP 30 to 40% below the market leader in a specific category. Using control arms as an example we took the . . . Dorman . . . and priced 30 to 40% below there [*sic*] distributor price.")). Most compelling, however, is Defendants' use of a product number virtually identical to the product number used by Plaintiffs' patented products: Plaintiffs' product is identified as "SKU 926-959" while Defendant's allegedly infringing product is "SKU 926959." (Doc. 1 at 5–6). The fact that the allegedly infringing product's number differs from Plaintiffs' product only by a single hyphen is, alone, sufficient to make Plaintiffs' accusations of egregious infringement plausible.

Finally, Defendant Skyward Automotive seeks a dismissal of one of Plaintiffs' requests for relief: that the Court enter an order authorizing or directing an appropriate agency to seize any infringing products being imported into the United States. (Doc. 19 at

9–11; Doc. 1 at 18). Defendant argues this relief is not available to Plaintiffs because, if successful, they would have to "take the additional step of requesting the U.S. Customs Service to enforce the district court judgment by seizing the offending goods." *Tex. Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1330 (Fed. Cir. 2000). That fact alone does not make Plaintiffs' request for relief unavailable to them. Instead, this Court construes Plaintiffs prayer for relief as simply requesting an order that can be brought to U.S. customs to complete any additional post-judicial enforcement requests. As such, this is also not grounds for dismissal.

For foregoing reasons, Defendant has not carried its burden for a Motion to Dismiss for Failure to State a Claim.

**II.   Ningbo Skyward's Motion to Dismiss for Lack of Jurisdiction.**

**A. Legal Standard**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the motion to dismiss a complaint for lack of personal jurisdiction is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

When determining the sufficiency of a prima facie showing, "[t]he court may consider evidence presented in affidavits." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The court must assume as true all uncontroverted facts in the complaint and must interpret all evidentiary disputes in the plaintiff's favor. *See Schwarzenegger*, 374 F.3d at 800. However, "the plaintiff cannot simply rest on the bare allegations of its complaint" if controverted by evidence incorporated into the defendant's motion. *Id.* (internal quotation omitted); *see also Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (stating a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit").

## B. Analysis

Generally, federal courts apply the "personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Arizona's long-arm statute is co-extensive with the limits of federal due process. *See Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tenn. Farmers Mut. Ins. Co.*, 153 Ariz. 268, 270, 736 P.2d 2, 4 (Ariz. 1987)); *see also* Ariz. R. Civ. P. 4.2(a). "Due process requires that nonresident defendants have certain minimum contacts with the forum state, so that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Doe*, 112 F.3d at 1050 (citing *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction—general and specific. *See Daimler AG v. Bauman,* 571 U.S. 117, 126–27 (2014). Plaintiffs assert that Defendant is subject to this Court's specific jurisdiction. (Doc. 35 at 3). The test for specific jurisdiction over a non-resident defendant has three prongs: "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[ ] himself of the privileges of conducting activities in the forum'; (2) 'the claim must be one which arises out of or relates to the defendant's forum-related activities'; and (3) 'the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.'" *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Plaintiff carries the burden of establishing the first two prongs; if successful, that burden shifts to Defendant on the third and final prong. *Id.* at 1068–69.

### 1. Purposeful Direction

The first prong of the specific jurisdiction test is divided into two concepts: "purposeful direction" and "purposeful availment." *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Purposeful direction is typically used in tort actions, while purposeful availment is typically used in contract actions. *Id.* Purposeful direction requires the defendant to "(1) commit[ ] an intentional act, (2) expressly aimed at

the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc.*, 303 F.3d at 1111. Plaintiffs in patent infringement suits make sufficient jurisdictional showings where the foreign-manufacturer defendant ships infringing products to its forum-state distributor through established channels. *Naunce Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1234 (Fed. Cir. 2010) (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565–66 (Fed. Cir. 1994)); *Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cali., Solano Cnty.*, 480 U.S. 102, 112 (1987) (holding while mere placement into the stream of commerce is not alone sufficient for personal jurisdiction over a foreign manufacturer, additional conduct in the forum state, including advertising, form-specific designs, or "marketing the product through a distributor who has agreed to serve as the sales agent in the forum State," may establish purposeful direction).

Plaintiffs have sufficiently established purposeful direction. Plaintiffs' complaint and other submitted written materials sufficiently establish, for the purposes of this Motion to Dismiss, a manufacturer–distributor relationship between Ningbo Skyward and Skyward Automotive. Evidence of this relationship is established in emails from Skyward Automotive employees indicating that Skyward Automotive works with "Skyward Industrial located in Ningbo China," use of the "SKP" mark by both companies, product shipping labels indicating "Made in China," and images of the Ningbo facility on Skyward Automotive's official Facebook page. (Doc. 1 at 2–3, 10, 12, 15; Doc. 1-8 at 2; Doc. 35 at 3; Doc. 35-2 at 3; Doc. 35-3 at 3; Doc. 35-7 at 3; Doc. 35-8 at 7). Taken together at this stage in the litigation, this evidence is sufficient to establish that Ningbo Skyward has established channels by which it sends allegedly infringing products to its Arizona Distributor.

Defendant Ningbo Skyward challenges the sufficiency of Plaintiffs' evidence by first questioning whether "Skyward Industrial" and Ningbo Skyward are the same companies and whether any relationship exists between the Defendants. (Doc. 31 at 7–8). Defendant stops short of submitting any evidence, or even affirmatively denying these

assertions. Defendant also challenges purposeful direction on the grounds Ningbo Skyward never purposefully targeted Arizona specifically and that even if a corporate relationship existed between Defendants, there is no unity of interest alleged to allow imputation of Skyward Automotive's "minimum contacts" to Ningbo Skyward. (*Id.* at 8-9). These arguments miss the mark as they do not address the method by which Plaintiff established purposeful direction in this case: *Naunce's* established shipping channels for allegedly infringing products. Indeed, Defendant Ningbo Skyward never squarely challenges purposeful direction under *Naunce*.[2] Instead, Defendant submitted a brief affidavit of Ningbo Skyward's Vice President stating it "has never shipped or otherwise exported . . . products to Skyward Automotive . . . [or] to any other company or individual in Arizona." *Naunce*, however, does not require *direct* shipping channels, only *established* shipping channels. As such, Defendant's affidavit is not inherently inconsistent Plaintiffs' assertion of *Naunce* purposeful direction: Defendant Ningbo Skyward could ship the products to another subsidiary, or even a third party, with the intent of those products eventually reaching Skyward Automotive. Such methods would certainly qualify as established channels.

Accordingly, Plaintiffs have established purposeful direction as to Defendant Ningbo Skyward.

### 2. "Arising Out Of"

"The second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (citation omitted). Defendant Ningbo Skyward does not challenge this prong. Plaintiffs, however, have established this prong in their Complaint: without the manufacturing and shipping of the infringing products, there would be no claim of patent infringement. Accordingly, Plaintiffs have established that their claims against Ningbo Skyward arise out of Ningbo Skyward's purposeful direction.

---

[2] Plaintiffs' Response heavily discusses *Naunce*. Ningbo Skyward did not file a reply.

### 3. Reasonableness

"Even where sufficient minimum contacts are demonstrated, an exercise of personal jurisdiction is constitutional only if it reasonable." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1091 (C.D. Cal. 2003) (citing *Burger King*, 471 U.S. 462, 476–78 (1985)). However, the exercise of personal jurisdiction is presumed reasonable where the first two requirements of the specific jurisdiction test are met. *Chandler v. Roy*, 985 F. Supp. 1205, 1212 (D. Ariz. 1997) (citing *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995)). When the presumption applies, the defendant "must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King*, 471 U.S. at 477). "The reasonableness inquiry encompasses factors including (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1352 (Fed. Cir. 2003).

Defendant Ningbo Skyward argues litigation would be a substantial burden because of travel requirements for its principals. (Doc. 31 at 10). Courts, however, have found that requiring foreign corporate principals, including those in China, to travel for the purpose of litigation is simply not the burden it once was because of significant technological advancement in communications and transportation. *Beverly Hills Fan Co.*, 21 F.3d at 1569 (quoting *World-Wide Volkswagen*, 444 U.S. 286, 294 (1980)). Defendant Ningbo Skyward also challenges Plaintiffs' interest in receiving relief from it, as it argues any relief against Skyward Automotive would be sufficient. This concern is outweighed by Plaintiffs' interest in protecting their intellectual property. As Plaintiffs argue, a favorable decision could allow them to seek relief by requesting that U.S. Customs and Border Patrol seize infringing items when entering the country. Finally, Defendant Ningbo Skyward's argument that this case could create dangerous precedent subjecting it to personal

jurisdiction in any state continues to ignore *Naunce*: Defendant Ningbo Skyward is subject to jurisdiction in Arizona because this is where its distributor Skyward Automotive is based.

In sum, Defendant Ningbo Skyward fails to establish that litigation in this matter would be unreasonable. As such, Plaintiffs have successfully established that this Court has specific jurisdiction over Defendant Ningbo Skyward.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** Defendant Skyward Automotive's Motion to Dismiss and Certification of Counsel of Pre-Motion Conferral (Doc. 19) and Defendant Ningbo Skyward's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. 31) are **DENIED**.

Dated this 15th day of July, 2024.

_____
G. Murray Snow
Chief United States District Judge