**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RB Distribution Incorporated, et al., | No. CV-23-01068-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Skyward Automotive Products LLC, et al., | |
| Defendants. | |

The parties ask the court to resolve two discovery disputes in this patent infringement case between plaintiffs RB Distribution, Inc. ("RB") and Dorman Products, Inc. ("Dorman") and defendants Skyward Automotive Products, LLC ("SKP") and Ningbo Skyward Industrial Co. Ltd. ("Ningbo"). (Docs. 124, 125.) The parties contest whether Ningbo (Doc. 124 at 6) and SKP (Doc. 125 at 6) should be compelled to supplement their responses to Dorman's RFPs and interrogatories.

Dorman's set of interrogatories to Ningbo requested information regarding Ningbo's involvement in the manufacturing, design, development, and conception of the products which are accused of infringing on the plaintiffs' patents. (Doc. 124 at 6.) Ningbo produced three pages of documents and responses which did not include information about Ningbo's involvement in the relevant products. (Doc. 124 at 6.) Separate SKP responses show Ningbo was directly involved in manufacturing the products and therefore possesses and is withholding responsive information. (Doc. 124 at 7.) Additionally, Ningbo agreed to produce documents responsive to RFP 6 but has not done so. (Doc. 124 at 7.) Dorman

alleges SKP's responses to its RFPs and interrogatories are similarly incomplete; certain responses contradict each other and show SKP had more involvement and information than is reflected in SKP's document production. (Doc. 125 at 6.) SKP also has apparent control over Ningbo and Ningbo's responsive materials which are allegedly being withheld. (Doc. 125 at 6.) Additionally, some of SKP's interrogatory responses do not fully address the interrogatory's question. (*E.g.*, Doc. 125 at 7 (interrogatory requests that SKP describe conception, design, and development of the relevant products and SKP's response states only that SKP employees "participated" in the conception, design, and development of certain products).)

Ningbo and SKP did not submit arguments on the merits in either joint discovery dispute summary. (Docs. 124 at 8, 125 at 8.) They also appear to have ignored Dorman's letter outlining these deficiencies.[1] (Doc. 125 at 7.) Defendants have therefore presented no reason to rule in their favor. Based on Dorman's summary, Dorman's requests appear reasonable and the defendants' responses appear incomplete. Ningbo and SKP must supplement their responses within 21 days of this order.

**IT IS ORDERED** no later than **21 days after the date of this order**, Ningbo and Skyward shall supplement their responses according to Dorman's requested relief.

Dated this 9th day of March, 2026.

Honorable Krissa M. Lanham
United States District Judge

---

[1] Defendants appear to believe the pending motion to stay should excuse their failure to participate in discovery. That is incorrect. "It is . . . axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1094 (D. Nev. 2022).