WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

RB Distribution Incorporated, et al.,

Plaintiffs,

v.

Skyward Automotive Products LLC, et al.,

Defendants.

No. CV-23-01068-PHX-KML

**ORDER**

Plaintiffs Dorman Products, Inc. ("Dorman") and its wholly-owned subsidiary RB Distribution ("RB") sued Skyward Automotive ("Skyward") and Ningbo Skyward Industrial Co. Ltd. ("Ningbo") for infringing on plaintiffs' patents by selling oil filter products alleged to be "virtually identical" to theirs. (Doc. 1 at 2, 5.) In October 2025, defendants made a second request to the U.S. Patent and Trademark Office ("USPTO") to reexamine the relevant patents. Skyward seeks to stay this case for a second time pending that second reexamination and to amend its invalidity contentions. Dorman seeks sanctions based on Skyward's violation of an earlier discovery order. Skyward's motions are denied, Dorman's is granted in part, and the scheduling order is amended as the parties jointly request.

## I.    Factual and Procedural Background

After plaintiffs filed their original district-court complaint, defendants requested the USPTO conduct an *ex parte* reexamination of the relevant patents, a process during which the office reassesses the validity of a patent based on "substantial new questions of

patentability." (Doc. 20 at 4.) This court stayed the case during the pendency of the USPTO's review and lifted the stay in June 2024 when the USPTO found the patents were valid. (Doc. 43.) The parties began discovery.

In March 2025, plaintiffs filed an amended complaint (Doc. 93) which added allegations defendants had infringed another patent "in the same patent family" (Doc. 121 at 2). In October 2025, Skyward again requested the USPTO conduct *ex parte* reexaminations of all four patents based on newly-discovered prior art. (Doc. 121 at 2-3; *see* Doc. 120-1.)

The USPTO granted those reexamination requests and in January 2026, Skyward moved to stay these proceedings pending the outcome of the reexamination.[1] (Doc. 121.) Skyward also separately moved for leave to amend its invalidity contentions to include the same newly-discovered prior art that prompted its second reexamination request. (Doc. 118.)

In response to a discovery dispute, the court ordered defendants to supplement certain discovery responses by March 30, 2026. (Doc. 126.) Defendants did not do so and plaintiffs filed a motion for sanctions on that basis. (Doc. 141.) On April 9, 2026, defendants' counsel withdrew (Doc. 133); new counsel substituted on April 29, 2026. The following week, the parties submitted a joint motion to extend deadlines proposing that fact discovery now close on August 14, 2026. (Doc. 143.)

II.    Analysis

A.  Motion for Leave to Amend Invalidity Contentions

Skyward moved for leave to amend its invalidity contentions in November 2025. (Doc. 118.) It alleges that "despite [an] earlier diligent search," it recently discovered material prior art that will help invalidate some of plaintiffs' claims. (Doc. 118 at 4.)

This court's scheduling order states that invalidity contentions may be amended only upon a timely showing of good cause (Doc. 92 at 5-6). *See* Fed. R. Civ. P. 16(b)(4). That standard "primarily considers the diligence of the party seeking the amendment."

---

[1] Ningbo apparently does not move for the same, but would be bound by a stay.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the party does not show it was diligent, "the inquiry should end." *Id*. It is the movant's burden to establish diligence. *C & C Jewelry Mfg., Inc. v. West*, No. 5:09-CV-01303-JF, 2011 WL 835821, at *3 (N.D. Cal. Mar. 4, 2011).

Skyward's bare-bones motion does not establish diligence. Setting aside that the motion does not identify the prior art, it also fails to describe how Skyward discovered the prior art and why it was not found previously "despite earlier diligent search." (Doc. 118 at 4.) Skyward offers a "timeline regarding the discovery of the material prior art," but that timeline states only that Skyward "was not aware of the subject prior art [before the relevant deadlines]." (Doc. 120 at 4.) The "timeline" shows nothing about what searches Skyward actually made and whether it was diligent in doing so. *MR Techs., GmbH v. W. Digital Techs., Inc*., No. 8:22-CV-1599-JVS-DFM, 2024 WL 1136133, at *3 (C.D. Cal. Feb. 9, 2024) (party "must offer specific facts to explain why there was a delay in discovering the prior art"). At base, Skyward's unawareness of the prior art remains— apparently intentionally (Doc. 120 at 4)—unexplained. And even after Dorman identified the likely prior art from Skyward's *ex parte* reexamination requests (*see* Doc. 119-1 at 2), Skyward only half-heartedly tried to explain why it had not found *one* of the prior art references—a British patent publicly available since 1995 (Doc. 120 at 7-8). That one lone response says nothing about how Skyward searched for the prior art and its diligence. *See id*.

Regardless of apparent prejudice, as Skyward itself explains, "the focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. Skyward gives no convincing reasons showing it was diligent and its motion is therefore denied.

### B. Motion to Stay

Skyward requests the court stay this case during the second USPTO *ex parte* reexamination. (Doc. 121.) Three of the four patents undergoing reexamination have already survived that process once but the fourth is being reexamined for the first time.

(Doc. 122 at 5.)

Courts have the "inherent . . . authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Whether a stay is appropriate depends on three factors: (1) "whether discovery is complete and whether a trial date has been set," (2) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party," and (3) "whether a stay will simplify the issues in question." *In re Cygnus Telecommunications Tech., LLC, Pat. Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *see Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). Courts grant stays fairly liberally during these reexaminations, particularly when cases are at the beginning stages of litigation. *Telemac Corp.*, 450 F. Supp. 2d at 1111.

This case is not at the beginning stages of litigation. When Skyward filed its motion, fact discovery was set to close in a few months. (*See* Doc. 143.) Even granting the motion to extend scheduling deadlines, the case is in its final stages and discovery will be set to close in around three months. This factor weighs against granting a stay.

Next, plaintiffs have argued another stay would prejudice them. The length of a proposed stay during the pendency of *ex parte* reexaminations is short enough that it is not typically dispositive in finding prejudice. *See In re Cygnus Telecommunications Tech., LLC, Pat. Litig.*, 385 F. Supp. 2d at 1024. But Skyward has not "provided definitive guidance on the length of time required for" the reexamination. *Visto Corp. v. Rsch. in Motion Ltd.*, No. 2:06-CV-181-TJW-CE, 2007 WL 2900478, at *1 (E.D. Tex. Sept. 28, 2007) (denying stay in part because moving party did not provide guidance regarding timeline); *see Medicis Pharm. Corp. v. Acella Pharms. Inc.*, No. CV 10-1780-PHX-JAT, 2011 WL 587094, at *1 (D. Ariz. Feb. 9, 2011) ("the Court disfavors indefinite and potentially lengthy stays pending the outcome of external proceedings."). Other cases suggest it could be as much as 21 months. *See Verco Decking, Inc. v. Consol. Sys., Inc.*, No CV-11-2516-PHX-GMS, 2012 WL 12827398, at *4 (D. Ariz. Oct. 29, 2012). Skyward's failure to identify a timeline for the stay, which could be lengthy, contributes to

a finding of undue prejudice.

Adding to that, plaintiffs also claim prejudice based on Skyward's repeated attempts to reexamine the patents. *See Ultra Prods., Inc. v. Antec, Inc.*, No. C 09-04255 RS, 2010 WL 1688538, at *1, *3 (N.D. Cal. Apr. 26, 2010) (finding prejudice in part because moving party's "foot dragging" in discovery indicated motion to stay was dilatory tactic). Skyward has delayed fulfilling its discovery obligations (*see* Doc. 141), filed for reexamination based on prior art without explaining why it had not previously found that art, and attempted to further delay discovery merely because its motion to stay was pending with the court (*see* Doc. 126 at 2). Skyward's requested stay and reexamination appear to be part of a pattern of "foot dragging" and potentially dilatory tactics. *See id*. at *1, *3.

Last, "to truly simplify the issues" such that a stay would promote judicial efficiency, the reexamination must "finally resolve all issues in the litigation." *Yodlee, Inc. v. Ablaise Ltd*., No. C-06-02451 SBA, 2009 WL 112857, at *5 (N.D. Cal. Jan. 16, 2009) (simplified) (collecting cases). Courts are reluctant to stay patent litigation when some issues would likely remain for decision regardless of the reexamination's result. *See id*. That is true where, like here, some of the relevant patents have already survived reexamination and likely will survive another. *Voda v. Medtronic Inc*., No. CIV-09-95-L, 2011 WL 10636286, at *2 (W.D. Okla. Jan. 31, 2011) (where USPTO previously confirmed patent, it was "not certain" defendants' additional reexamination would succeed). Even if most of the patents had not already survived reexamination, plaintiffs' statistics and case-law suggest *ex parte* reexaminations very rarely result in patent cancellations. (*See* Docs. 122-1; 122 at 8-9 (citing *Fujitsu Ltd. v. Nanya Tech. Corp*., No. C 06-6613 CW, 2007 WL 3314623, at *3 (N.D. Cal. Nov. 6, 2007)).) Skyward does not contest those statistics, and based on its discussion of prior art here the court is skeptical the examination is likely to result in the cancellation of all four patents. *See Yodlee Inc.*, 2009 WL 112857, at *5.

Because all the factors weigh against a stay, Skyward's motion is denied.

**D. Motion for Sanctions**

Plaintiffs request sanctions "[b]ecause Defendants did not supplement their discovery responses" by the court-ordered March 30 deadline. (Doc. 131 at 2.) They ask the court to (1) award plaintiffs monetary sanctions no less than their attorneys' fees and expenses related to the discovery dispute and (2) preclude defendants from later relying on evidence related to the discovery dispute. (Doc. 131 at 2.)

### 1. Factual Background

Defendants do not dispute that they failed to comply with the court's discovery order. (*See* Doc. 144 at 2.) Several circumstances suggest defense counsel was still in the early stages of a search for the required supplemental information on the day of the deadline: he told Dorman he would "ask Skyward for an updated response" to an interrogatory and "expect[ed] to be able to provide supplemental responses" later that week (Doc. 141-1 at 4-5); and separately, defendants allege he only made them aware of the order's compliance deadline that day (Doc. 144 at 5).

Roughly one week later, defense counsel filed a notice of withdrawal. (Doc. 128.) Plaintiffs' counsel told defense counsel that same day that they intended to file a motion for sanctions due to defendants' continued failure to comply with the court's order. (Doc. 141-3 at 3.) The next day, defense counsel updated plaintiffs on the ongoing efforts but again indicated Ningbo had not even fully begun a comprehensive search. (Doc. 141-3 at 2.)

On April 9, 2026, the court granted defense counsel's motion to withdraw. (Doc. 133.) The next day, Skyward's president personally sent an email to plaintiffs' counsel reflecting the company's "initial efforts" to supplement the responses. (Doc. 141-2 at 2.) That email contained documents plaintiffs allege are unresponsive to the relevant issues and duplicative of ones previously produced. (Doc. 131 at 3.) New defense counsel later requested these documents be destroyed because they contained privileged material. (Doc. 144-1 at 2.)

Defendants' new counsel was granted pro hac vice status on April 29, 2026.

Plaintiffs filed a motion for sanctions five days later, alleging defendants employed a "strategy of delay." (Doc. 141 at 3 (pointing to defendants' position they should not be required to fulfill discovery responsibilities while motion to stay is pending).) Defendants did not send supplemental responses until May 15, 46 days after the court's deadline. (Doc. 144 at 6; *see* 144-1.)

### 2. Analysis

Federal Rule 37(b)(2)(A) governs sanctions for a party's failure to comply with a discovery order. A sanctions order may strike pleadings and prohibit the disobedient party from introducing certain matters into evidence. *See* Fed. R. Civ. P. 37(b)(2). Alternatively or in addition, the court "must order" the disobedient party to pay reasonable expenses and attorneys' fees caused by the failure to comply with the discovery order. Fed. R. Civ. P. 37(b)(2)(C); *see also Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 111 (S.D. Cal 2024). To avoid sanctions, the disobedient party bears the burden of showing its conduct was substantially justified or "other circumstances make the award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also RG Abrams Ins. v. Law Offs. of C.R. Abrams*, 342 F.R.D. 461, 521 (C.D. Cal. 2022). The "central factor in evaluating" a district court's order granting sanctions is justice, *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), which requires proportionality between the misconduct alleged and the sanction. *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003).

Defendants argue they should not be sanctioned because they supplemented discovery, but they did so 46 days after the deadline. "[B]elated compliance with discovery orders does not preclude the imposition of sanctions." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (simplified). Defendants' arguments regarding the withdrawal of counsel come closer to showing sanctions might be unjust. (*See* Doc. 144 at 11.) But counsel did not withdraw until well after the deadline had already passed. In fact, more than a week after it lapsed, prior defense counsel sent emails indicating the work of supplementing the responses was still in its infancy. (Doc. 141-3 at 2.) And even if an extension to onboard new counsel (or based on discovery challenges) would have been

appropriate, a party must actually *seek* an extension rather than silently disobeying a court order. *See Matrix Motor Co. Inc. v. Toyota Motor Sales, USA, Inc.*, No. SACV03601CJCJTLX, 2003 WL 22466218, at *2 (C.D. Cal. May 8, 2003) (sanctions justified in part because party "could have sought an extension of time" but rather "allowed the Court's deadline to slip by without taking any action"). Defendants have not alleged "special circumstances" excusing their long delay. *RG Abrams Ins.*, 342 F.R.D. at 521.[2]

It is therefore just and proportional to require defendants to reimburse plaintiffs for costs resulting from the delay and failure to comply with the court's order. As Rule 37(b)(2)(C) requires, the court therefore awards plaintiffs reasonable expenses and attorneys' fees related to defendants' non-compliance.

Plaintiffs' request to preclude defendants from relying on any evidence relating to the relevant discovery, however, is not proportional to defendants' behavior. *See Rice*, 333 F.3d at 784. Courts evaluate willfulness and bad faith when considering preclusionary sanctions like these under Fed. R. Civ. P. 37(b)(2)(A)(ii), *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852 WHA JCS, 2012 WL 1600393, at *11 (N.D. Cal. May 7, 2012), which are demonstrated if the moving party shows the disobedient conduct was not "outside the control of the litigant." *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1143 (9th Cir. 1997). Additionally, excluding evidence is not appropriate if the failure to disclose was "substantially justified or harmless." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

Defendants likely demonstrated willfulness and bad faith which was within their

---

[2] Defendants also argue the motion for sanctions failed to comply with LRCiv 7.2(j) and the court's case management order because plaintiffs did not certify the parties engaged in sincere efforts to resolve the discovery issue before filing. (Doc. 144 at 8-10.) But plaintiffs' emails clearly pressed defendants for compliance. More importantly, the motion for sanctions at issue in this case does not qualify as a prohibited discovery motion. *Dubey v. Concentric Healthcare Sols. LLC*, No. CV-22-02044-PHX-DJH, 2024 WL 3888463, at *4 (D. Ariz. Aug. 21, 2024); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (motion for sanctions under Fed. R. Civ. P. 37 was not a "motion relating to discovery" requiring meeting under local rules). Plaintiffs need not show they engaged in sincere efforts to convince defendants to obey a court order.

control. *See Virtual Vision*, 124 F.3d at 1145 (finding party's alleged lack of knowledge about court-ordered discovery deadlines unpersuasive because party could keep abreast of case status but did not). But plaintiffs have only generally alleged prejudice from the delay: "having to spend litigation resources" is as specific as they get. (Doc. 145 at 3.) Discovery is ongoing and the court will grant the parties' joint motion to extend discovery deadlines. The delay is therefore harmless at this stage and the court declines to award preclusionary sanctions.[3]

**E. Joint Motion to Amend Case Management Order**

The parties' joint motion to extend deadlines is appropriate given discovery needs, the substitution of counsel, and the motion's reasonable proposed deadlines. (Doc. 143.) The motion is granted and the deadlines therein apply.

**F. Claim Construction**

The parties filed their claim construction briefs. (Docs. 114; 115; 117). Based on a preliminary review of those briefs, it does not appear necessary to hold a claim construction hearing. *UTTO Inc. v. Metrotech Corp.*, 119 F.4th 984, 994 (Fed. Cir. 2024) ("there is no procedural error in the mere fact that a court has construed claims without conducting a separate *Markman* claim-construction set of proceedings, much less without hearing extrinsic evidence or expert testimony"). The parties must file a joint statement indicating whether either side believes a hearing is merited. If one side believes a hearing is needed, that side must outline what evidence would be presented at such a hearing.

---

[3] Defendants moved for leave to file a surreply in opposition to the motion for sanctions. (Doc. 146.) Surreplies are highly disfavored, but may be appropriate when a party's reply includes new evidence or arguments. *See Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 2084460, at *2 (D. Ariz. May 13, 2019); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Here, plaintiffs' reply contained nothing materially new. (*See* Doc. 145 at 3, 6.) The court's findings do not rely on the assertion defendants wished to rebut. Defendants' proposed surreply is therefore irrelevant to the order's outcome and its motion is denied. *See Buncch v. S. Nevada Reg'l Hous. Auth.*, No. 2:25-CV-00660-GMN-BNW, 2026 WL 509399, at *8 (D. Nev. Feb. 23, 2026).

Accordingly,

**IT IS ORDERED** the parties' joint motion to extend deadlines (Doc. 143) is **GRANTED**. The deadlines therein apply.

**IT IS FURTHER ORDERED** Skyward's motion for leave to amend invalidity contentions (Doc. 118) is **DENIED**.

**IT IS FURTHER ORDERED** Skyward's motion to stay the case (Doc. 121) is **DENIED**.

**IT IS FURTHER ORDERED** plaintiffs' motion for sanctions (Doc. 141) is **GRANTED IN PART**. Defendants must reimburse plaintiffs for attorneys' fees and expenses resulting from defendants' failure to comply with the court's March 9 discovery order and delay in producing documents between March 30 and May 15, 2026. Within ten days of this order the parties shall confer regarding the appropriate amount of attorneys' fees and expenses to be awarded based on the terms of this order. If the parties cannot reach an agreement, within twenty days of this order Dorman shall file a motion for attorneys' fees consistent with the requirements of LRCiv 54.2.

**IT IS FURTHER ORDERED** no later than **June 24, 2026**, the parties shall file a joint statement explaining their positions on the need for a claim construction hearing.

Dated this 17th day of June, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 10 -